Next case is Dynamic Drinkware v. National Graphics, 2015-2014. Mr. McLean, when you're ready. Good morning. May it please the court. My name is Matthew McLean, the attorney for the petitioner, Dynamic Drinkware. Counsel Patrick Bergen is also with me today. Nearly 90 years ago in the Alexander Milburn case, Justice Holmes said that the fundamental rule in patent law is that the patent must be first. Over the years in cases that have developed since, there's been a pretty clear procedure that in cases involving patent priority, the junior patentee must come forward with some evidence to antedate a prior invention if it's going to get or to keep a patent. But you're the challenger here, right? Yes. We are the challenger in an IPR. And you think that the reference you're relying on should have been given the effective date of its provisional application? I do. And why didn't you do that? Why wasn't that your burden to prove? All of it's on the record. There didn't need to be any discovery, no witnesses. It's just what the patent says in relation to the claims. Absolutely. And we've got two ways to get to the same result today, which is board reversal. One way is a de novo review of the legal application of the burdens of proof. But a second way then is to also look at the evidence that was presented because we did present that evidence to show that the prior patents application was a good reference. Let me see if we're all on the same page here. Do you agree that under the governing statutes that you get the date of the provisional for purposes of determining whether the 555 patent is prior art to the 196 patent? You get that date if, but only if, you can show that the provisional application satisfied all the requirements of 112 paragraph 1 with respect to the claims of the 555 patent. I don't agree with it. I think under the statutory rules, 102E, 111B8, and 119E1, and this court's determination in Giacomini that a prior art reference, once it's established as a prior art reference, the prior art is entitled to its effective date, which is its provisional filing application. Even if the provisional doesn't satisfy 112.1? I think the presumption is that it is entitled to that effective date, that provisional application date, unless it's not. Now the question before the board is who's to say that it's not? And in every other proceeding of this type, a priority proceeding, be it interference, be it original prosecution, be it anticipation, once the prior art is put forward, it is always the junior patentee that has the burden to come forward and antedate. Let's go back. You said the presumption is. But I take it you don't disagree that ultimately the determination has to be made that the provisional application has to contain sufficient support for the claims of the, in this case, the 555 patent, right? I agree with that. Okay. Now when you presented your evidence to the board, as I read the showing that you made, you compared the disclosure of the provisional to the 196 patent, not to the 555 patent. And then when you put the three-column showing, ultimately, you showed how the provisional disclosure related to the 196 claims and the 196 disclosure, but you never showed the 555 disclosure, but you never showed how the provisional disclosure related to the 555 claims, right? That is true in a vacuum. And what we've argued to this body is that, for the mathematicians, we've argued really the transitive property. Right, but there's something missing from the equation. I know A equals B equals C, but here we're talking about B, which is the claims of the 555. And I didn't see B in any of the materials that you showed. We compared the 196 to the 555. To the disclosure of the 555, but not to the claims. I didn't see anything in your three columns that showed the claims. In any event, the showing that you made to the board originally was simply comparing the 555 provisional, the February 15 provisional, to the 196, not to anything from the 555, right? We compared the 196 to both the provisional and the Raymond patent. But not in your original showing. You just compared it to the 196. In our petition, we did the 196 to the 555 patent, and then it was presented by the patent owner that they thought we had the burden to present the provisional, which we did. All you said in your petition was, we have a provisional. You didn't have any proof as to the relationship between the provisional. And maybe you didn't have to at that point, because the reduction to practice issue hadn't come up. Correct. When the reduction to practice issue came up, then you came back, probably correctly, in terms of timing, and you said in your reply, wait a minute, we do have support. And you pointed to the relationship between the provisional disclosure and the 196, but that's not what you needed to do. And that's all I saw in the reply. That is what we did. So why isn't the board correct in saying you dropped the ball? Well, we think that the board, once we presented the private facial case that the 555 anticipated, we believe that the 555, under the statutory framework that we gave you, goes all the way back to its effective date. And so when the patent owner then, the burden shifted to the patent owner to say no. It could say we can antedate that provisional application. It could say we can antedate the utility application, and here's why the 555's provisional application is no good. Or it could come forward and say we don't believe its prior art, for whatever reason, it doesn't anticipate. They abandoned the doesn't anticipate argument after the institution decision, and they attempted to swear all the way behind. And all these other types of patent proceedings, the junior patentee has to swear all the way behind. And at the time we made the petition, the prior art references utility application was May 5th. The provisional application of the 196 patent was June 12th. So for that time, all we had to do was say there's prior art. They said no, no, we think we can antedate that. But they could only antedate before May 5th. So in our brief back, we said well, sure, but the provisional application dated February 15th anticipates as well. And we presented that claim, Chairman. Well, you say anticipates as well. It's not good enough, I take it, for that disclosure of the provisional to anticipate, because that's not in itself a patent, at least under 102E and 119B, I guess, E, I'm sorry. Right? Right. So you actually have to tie it to the patent itself, the 555 patent. And we think the disclosure that we made with the two charts together has accomplished that. Okay. And where we get, that's assuming the question is answered, that we have that burden. And under this burden-shifting framework, we maintain that the framework and the standard has always been that the junior patentee ought to say, after we put forth the prior art, and under Giacomini it's assumed to go back to the provisional application date, they ought to come forward and say, no, it doesn't. Here's what's wrong with the written description. And then we absolutely agree that the burden would return to us. So your point is that there is some weakness in your chart that you think that doesn't matter because it wasn't your burden to have to even do a chart in the first place as it relates to the provisional. Right. Argument one is we think it was their burden. We don't need a chart if the chart is, in fact, defective. But we don't believe the chart's defective. We think we went above and beyond the call of duty and did provide enough evidence to the board to make its own conclusion that that written description support exists. Well, is it possible at this point to tie the provisional to the claims of its patent, the Raymond patent? Well, I believe we've done it. If the position is that we haven't done it, we made the case in our brief that, well, all of those documents are before the patent board. In the Yamaguchi case that we cited, the court below was so concerned about letting one of those second patents sneak through that it created the chart. I'm not advocating for a bright-line rule that the board should do all the work here, but the reality is the evidence, if we goofed, if we presented it incorrectly as if this court were to find that, it's there. It's there for the reading. It's there for the taking. And what I find to be compelling is we're now, you know, however far down the line I'm standing before you all, they've never said ever once that there isn't written description support in that document. That has never been their case. They've never thrown it back and given any indication that that provisional application wouldn't be good enough. And I think that's compelling. If this board looks at the Giacomini case and combines it with those statutory references that I gave, we think that effective date for a valid prior art patent ought to be its original application date, barring some argument to the contrary. If the patent owner comes forward with evidence and says it's not, then it comes back to us and we have to make the case to convince the board or this body why we're right. That didn't happen here. If you put it in the fundamental rule standard of Justice Holmes, it makes a lot of sense that at some point the patent owner would have to say, I'm first because. However revered Justice Holmes is, that was a long time ago in another case. I agree. But as far as I can tell and read in 90 years, it hasn't stopped being true. And I think it ought to be. I think it should have been true for this board and I think it should have been true in this particular case. The Videotech case is... Let me ask you this. I looked at the patent claims and I looked at the provisional, and one limitation that I didn't see clearly at least supported between the claims of the Raymond 555 and the provisional was the transparent interior layer. Did I overlook something in the provisional? That's in all of the independent claims of the Raymond 555. I think there is a difference between the Raymond patent and the 196 patent involving that transparent layer. No, I'm not talking about the 196 now. I'm talking about the provisional. My question is going to whether the provisional had all the limitations of the claims of the 555. And I thought that limitation, I didn't see it at least expressly called out in the provisional. I believe it is in there. But I would also say that no one has ever challenged a written description support. So I don't believe the issue is fully before the body. I'm just asking. I'm just sort of probing. If it was the board's duty to do that investigation, since it appears that you didn't point to the relationship between the two in your papers, then aren't you asking the board to do a lot of work where it's not obvious, at least to my read, that there is support for that limitation at least? Yes, I believe the board can do it. Yes, I think that body has done it before. And I think they could arrive at that conclusion. I believe all the support is there, which is in the claim charts that we did put together, such as they were. We think we showed it. We think that the references all carry forward. We'll save the remainder of your time for rebuttal. Thank you. Mr. Griggs. Thank you. Good morning. May it please the Court, my name is Michael Griggs. I'm from the Boyle Privacy Firm, with me is my colleague Sarah Wong. Judge Bryson hit the nail right on the head. The showing that needs to be made in order to tie the 555 patent to its provisional is what's outlined in the wartime case. In particular, there has to be 112 support in the provisional application to show that the 555 patent could have issued on the filing date of the provisional application. Right, but this presupposes the burden of proof was properly put on your opponents, right? Well, the statute 316E says the petitioner bears the burden of proof for proving claims to be unpatentable. So it's not a presupposition. But you have 119E, which says that the non-provisional application shall have the same effect as to such invention as though filed on the date of the provisional application. And it doesn't say anything there about whether or not there has to be the 112 support in the provisional. Ultimately, it has to satisfy that. But once you have mandatory language that treats the provisional as the filing date, wouldn't it make sense that we assume the provisional gets that filing date under the statute? And then you would have to say that, no, it shouldn't have been entitled to that filing date. No, it wouldn't make sense. As Your Honor pointed out, 119 explicitly calls for it. So I don't think that there is 112 support in the provisional in order to be accorded the priority. What I don't understand is one of the things that bothered me the most about your brief is that I would have thought that the logical argument you would make is, you know what, this whole burden of proofing, it may have been a mistake by the PTAP, but it's harmless because we think the provisional doesn't provide support for the actual Raymond application. And yet, you never made that argument. Is that because you can't? No. That's in part because of the structure of the IPR. In this instance, all of the evidence and argument relating to this issue in terms of the effective date of the provisional application was presented in a reply brief right at the end of the briefing. I understand, but you could have asked to have a supplemental briefing to address that issue, couldn't you? Or even made the harmless error argument to us. We could have asked for that, but this is more in the alternative grounds for affirmance that we presented in terms of waiver. So we had asked or argued that this should have been a waived issue because it was not presented in the petition. I'm not really buying that because I agree with Judge Bryson that until you raised this reference, until you raised your anti-dating the reference, they didn't have the obligation to take it back. In other words, I don't think the waiver argument is a good one, but I would have thought perhaps an alternative argument that would be more palatable is one that it was harmless error. Your Honor, we're not disputing that the Board was... I mean, we agree that the Board was correct. I mean, it found that the proper support was not laid out in the manner presented by the petitioner here in the claim charts for precisely the reason that Judge Bryson said, because there is no comparison of the 555 patent claims to the provisional. Okay. My question to you is, you must have looked at it. If you compare the provisional to the 555 patent claims, is there support? Your Honor, I have not done that analysis. We did not do that analysis. Like I said, we took the position that it was waived. You know, we did not ask to introduce new evidence because, like I said, the IPR... Even preparing for this argument, you haven't ever sat down and looked at the provisional and the 555 and said to yourself, I wonder if there really is support here? I mean, that's what you said to the Board in the argument. You said, they asked you, you want to talk about whether there actually is support? And I think you said something like, you know what? I don't. That's a quote. I don't. I have not really taken a close look at this. I mean, my eyebrows went up when I saw that. I thought, is he going to rely entirely on a procedural argument because he doesn't have a substantive argument, or can it be true that he hasn't really looked at this? Have you honestly not looked at this question? That is true, Your Honor. And I know it's hard to believe that an attorney can refrain from presenting an argument, but in this instance here, the burden is squarely on the petitioner here. You know, as a patent owner, we could have filed nothing. But didn't you proceed on the assumption that the 196 was entitled to its provisional application date? Did you present evidence showing that you were entitled to that provisional date? No. The evidence that we presented was to an actual reduction to practice. So we did not involve the 196 provisional. We presented evidence of actual reduction to practice of the claims, which we were successful on, and the Board established their deferment. But the date that you were operating from for purposes of the patent claims in the first instance was the date of your provisional, right? I guess I don't understand the question. Operating from the date that we were operating from in terms of how we were evaluating the... In what you were attempting to... When you first... When your claims were first being considered by the Board, right? In terms of what the original filing date was for purposes of their need to annotate it, and then you trying to annotate that. You started with the date of your provisional, right? Because you presumed that that was the date that the law would allow you. I think that's right. That's the way I read the record, too. I think you... Your patent, I think, was filed in September of 2007, and you got back to June something with your provisional. And then they came in with May with their 555. You came back with the reduction to practice in March, March 28th or something, and then they came back with the provisional. I think that's the way... Am I wrong in that? I think that's right. I think my understanding or recollection of that is a little different. We never challenged, at least in the preliminary response, we never challenged the dates. On its face, the Raymond patent was filed before the 196 provisional. So the 555 patent application itself... That's where everybody was starting from for purposes of deciding what they had to be targeting for purposes of antedating your patent. Well, yes. I mean, the Raymond patent application, the 555 application, was filed before both the 196 provisional and the 196 application. And in terms of the antedation argument, we first presented that in the response after institution of the trial. So that's when the patent owner introduced the evidence relating to swearing behind the Raymond patent. And that is when we have pointed out that the petitioner had not demonstrated in the petition that the 555 patent should be entitled to the provisional application. After we filed the response, the petitioner filed a reply introducing the charts purporting to show the support, although, as Judge Bryson noted and as the board correctly determined, that was insufficient. So the board correctly determined that the Raymond patent was not entitled to the provisional date. When comparing the Raymond patent date to the reduction of practice date that we had established, the board determined that Raymond was not applicable to prior art. And so we believe that that decision should be affirmed. And I'd also like to point out that this is not a case dispositive issue. It was presented as that in Appellant's initial brief. However, there was a diligence issue that was also set forth. And there's also the issue of a contingent motion to amend that was basically denied as moot in view of the board's ruling. And so whether or not the Raymond patent is entitled to this provisional application is not a case dispositive issue. Unless the panel has any other questions for me, I'll conclude my argument. Thank you. Let me ask you one question having to do with Yamaguchi. As I read Yamaguchi, the board, at least in that case, seems to think that Wertheim is no longer really there's not much left of Wertheim. Do you take issue with that? I do take issue with that. And I did get that sense when I read through it too that they were emphasizing more this carrying over idea as opposed to the Section 112 support to support the claims. However, the applicant in the Yamaguchi case didn't seem to take any issue with that either. So it's unclear as to the factual findings of the examiner if the applicant had conceded that there was the actual support in the claims. So my interpretation or maybe my understanding of the Yamaguchi case is that the 112 aspect of the analysis that must be performed is either not disputed by the applicant or it just was not at issue there. The focus was instead upon this carrying over which the board found and determined. But I agree. They seem to distance themselves from the Wertheim decision but then this court in Giacomini, that revives, not revives, but it just confirms that you do need the Section 112. And that was post-Yamaguchi? That was. That was 2010. Yamaguchi was 2008. Okay. Thank you, Mr. Quiggs. Mr. McLean has a couple of minutes of rebuttal time. Thank you. Let me see if I can speed through and address a few things. I think the Wertheim case is not helpful here today. That was a continuation in part. And the board there, again, the board's doing all the work, but the board acknowledged that the continuation didn't have support all the way back to the beginning, but it felt like it had to give the first date as the effective date. And the error there was, but you acknowledge it doesn't have all the support, so that makes it no good. Again, the board was doing the work, though. I find it... But Giacomini is a, I believe it's a provisional case, wasn't it? The Giacomini case was an application, and the board put it on Giacomini to come forward to present evidence to get behind the effective date of the prior art. And again, as the secondary, the junior patent applicant, that put the burden on them to show we are indeed first, and Giacomini couldn't. I find it very difficult to believe that throughout the history of this case that they've never read the application, the provisional application arraignment, and I have every reason to believe that if it didn't contain written description support, they would not have kept that a secret. The issue, one of the issues that they raise in their brief, and I think it is permeated through the case, is this idea that their patent is presumed to be valid under 282, and as we've cited in our reply, that's simply not the case. We're dealing with patentability and a lower burden of proof, and this idea that they're valid so they get all these presumptions is not the case, but it is for Mr. Rader's patent. There are two different issues here. One is whether the presumption carries a clear and convincing evidence standard with it, which it does in the case of an issued patent in litigation, versus whether there's a burden of proof on you as the petitioner attacking and challenging the patent, in which case the presumption is not as powerful, but it's still there, right? If there's a burden of proof on you, that means if you don't prove it to be the contrary, then you lose. The ultimate burden, I absolutely agree, but in every other one of these cases, there is a moment where the plaintiff has to come forward with evidence to put it back to us and make the ultimate proof. They never did so here. And with respect to the remaining issues, we would concede that there's an amendment issue, but the diligence issue was addressed. It was discussed at oral argument. There simply wasn't any evidence. I think this body can conclude that diligence, that's a dead issue, and it could remain solely for the motion to amend. But in order to get, let me make sure we're on the same page here, in order to turn the burden back to them, you have to have made a sufficient showing, let's call it a prima facie showing, a sufficient showing that you satisfied the 112, paragraph 1 requirements, in the provisional, right? I don't think so. I think under the statutory law in the Giacomini case, once we establish that Raymond is valid prior art, as a patent, it's entitled under 102E, 111, and 119, to its effective date, pending someone making the argument that it's not. Had they made the argument that it's not, then it returns to us. Well, they did assert that it was not. Now, you're saying they have to actually make the affirmative showing? All you have to do is say, we claim the provisional, and that's all you have to do? I think the way the legal framework is set forth, once we put forth the valid prior art reference in Raymond, Raymond, as a valid patent, is entitled to its effective date, unless the junior patentee gives the board reason to believe it's not. They have to come forward with that evidence they did not, but then it would return to us, and I think we made the showing we needed to make irrespective. All right. Thank you, Mr. McClain. Thank you, Mr. McClain. All rise.